IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BEASLEY SINGLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11-cv-713-WHA |
| ) | (WO) |
| AUBURN UNIVERSITY ) | |
| MONTGOMERY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on an Amended Motion to Dismiss (Doc. # 6) filed by Defendant Auburn University Montgomery ("AUM") on September 30, 2011.

Following this court's granting of the Defendant's Motion to Sever (Doc. #2), the Plaintiff, Beasley Singleton ("Singleton"), filed an Amended Complaint (Doc. # 3) in this court on September 14, 2011, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), and the Age Discrimination in Employment Act ("ADEA"). Those claims are as follows: racially hostile working environment in violation of Title VII (Count I); race, age, and gender discrimination in violation of Title VII and § 1981 (Count II); retaliation in violation of Title VII (Count III); age discrimination in violation of the ADEA (Count IV); and fraudulent inducement and misrepresentation by the Defendant (Count V). On September 30, 2011, the Defendant moved this court to dismiss the Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). On October 24, 2011, the Plaintiff filed a Response to

the Defendant's Motion to Dismiss (Doc. # 8), and on October 31, 2011, the Defendants filed a Reply to the Plaintiff's Response (Doc. # 9).

For reasons to be discussed, the Amended Motion to Dismiss is due to be GRANTED in part and DENIED in part.

## II.  MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).   In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  See  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *Id*.  (citation omitted).   To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.   The factual allegations  "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## III.  FACTS

Singleton's Complaint alleges that he is an African-American citizen of the United States and a resident of Alabama.  On August 26, 2010, the day he received notification that his

2

position was to be abolished on September 30, 2010, he was over forty years of age. His position was being abolished so that AUM could outsource their Housing and Maintenance Department to a third-party company.

Singleton contends that his position was not abolished but given to two other individuals, Wanda Blake, a white female, and Darryl Morris, a white male under forty years of age. Singleton alleges that neither is capable of performing his job, and that Wanda Blake instructed the third-party company to not hire him for a position. Furthermore, Singleton alleges that he was not even interviewed by the new company.

Singleton's Complaint alleges two specific instances of racially discriminative conduct. First, "Wanda Blake has a history of making racially derogatory comments, such as 'black people should not make so much money' or something to that effect." (Doc. #3 at ¶ 11). Second, "Singleton has been referred to as the 'Do Boy' while employed at AUM. These references were offensive to Plaintiff Singleton." *Id.* at ¶ 12.

## IV. DISCUSSION

### 1. Timeliness of Motion to Dismiss

As a threshold matter, Singleton's first contention is that AUM's Motion to Dismiss is untimely. Specifically, Singleton contends that the Federal Rules of Civil Procedure require AUM to file an answer within 21 days after being served with the Complaint. Fed. R. Civ. Pro. 12(a)(1)(A)(i). Singleton argues that this deadline has passed without any action on behalf of AUM. Singleton further contends that by filing the Motion to Sever in response to the Complaint, instead of a Motion to Dismiss or other responsive pleading, AUM has essentially waived the arguments raised by the Motion to Dismiss.

AUM counters by explaining that Singleton's argument confuses responsive pleadings with motions.  AUM argues that Rule 12(a), upon which Singleton relied, governs only to those pleadings enumerated under Rule 7(a) of the Federal Rules of Civil Procedure.  AUM argues that Rule 12(b)(6) motions to dismiss are governed instead by Rule 12(h)(2) which explains in relevant part that "[f]ailure to state a claim upon which relief can be granted ... may be raised: (A) in any pleading allowed or ordered under Rule 7(a)." Fed. R. Civ. Pro. 12(h).  In this court's order granting AUM's Motion to Sever, Singleton was instructed to file an Amended Complaint by September 16, 2011. (Doc. #2 at 8).  Because of the order to re-file an Amended Complaint, AUM argues that they had 14 days to respond to the Amended Complaint.  *See* Fed. R. Civ. Pro. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").  AUM argues that pursuant to Rule 12(b) Singleton's new pleading date, September 16, 2011, is the proper one for determining if AUM's September 30, 2011, Motion to Dismiss is timely filed, and, having been filed within 14 days of the Amended Complaint, the Motion to Dismiss is timely.

This court agrees with AUM and finds that the Motion to Dismiss is not untimely because it was filed within 14 days of the Amended Complaint pursuant to Rules 12(b), 12(h)(2), and 15(a)(3) of the Federal Rules of Civil Procedure.[1]

## 2. Individual Claims

---

[1] This court notes that the Defendants filed an Amended Motion to Dismiss which this court found to moot the previous Motion to Dismiss.  The Plaintiff did not challenge the Amended Motion to Dismiss.

4

Count I – Hostile Work Environment

As stated by the Eleventh Circuit, to plead a hostile work environment claim the plaintiff is "required to allege that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010). Although the *Edwards* court was addressing a § 1981 claim, the Eleventh Circuit has explained that the analytical frameworks are the same for both § 1981 and Title VII retaliation claims. *See Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (requiring the same elements for both § 1981 and Title VII hostile work environment claim); *Shields v. Fort James Corp.*, 305 F.3d 1280, 1282 & n. 2 (11th Cir. 2002) (noting that Title VII and § 1981 hostile work environment claims have the same elements and are subject to the same analytical framework). Regarding the liability of employers when a supervisor is the one committing the discriminatory behavior, courts from this circuit have adhered to the framework set forth in *Faragher v. City of Boca Raton*, 524 U.S. 775, 789 (1998). One such method in which "[a]n employer may be held liable for the discriminatory acts of a supervisory employee . . . [is]  if the discriminatory action has tangible results, 'like hiring, firing, promotion, compensation, and work assignment.'" *Mangrum v. Republic Industries, Inc.*, 260 F. Supp. 2d 1229, 1246 (N.D. Ga. 2003) (quoting *Faragher*, 524 U.S. at 790).

Turning to Singleton's Complaint, he alleges that he is an African-American, and therefore, he is a member of a protected group. Furthermore, he alleges that he was subject to

5

derogatory nicknames, such as "Do Boy," during his employment at AUM and that his supervisor made racially derogative comments about African-Americans earning too much money. Therefore, Singleton has alleged that he was subject to discrimination because of his membership in a protected group, and that it was ongoing and offensive. Also, Singleton has alleged that his supervisor, Wanda Blake, was the perpetrator of the alleged discrimination and that Blake had the power to instruct "the new company not to hire Singleton." (Doc. #3 ¶ 14). Therefore, taking all of the facts provided in the Complaint, Singleton has satisfied Rule 8's plausibility requirement for hostile work environment under Title VII to the extent that the claim will be allowed to proceed to the next stage.

Count II – Discrimination in Violation of Title VII and § 1981

"Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 997, 152 L.Ed.2d 1 (2002), it must provide 'enough factual matter (taken as true) to suggest' intentional race discrimination. *Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 974 (11th Cir. 2008). Moreover, complaints alleging discrimination must still meet the *Iqbal* and *Twombly* "plausibility" standard. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010) (addressing the effect of *Iqbal* and *Twombly* on the sufficiency of a Title VII hostile work environment claim). Therefore, in order to survive a motion to dismiss the plaintiff's complaint must contain facts which "[allow] the court to draw the reasonable inference" that the defendant has engaged in intentional race discrimination. *Iqbal*, _ U.S. _, 129 S.Ct. at 1949. This court recognizes that the methods for alleging"a prima facie case are not fixed; they are flexible and depend to a large degree upon the employment situation." *Wilson v.*

*B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). One such way is for a plaintiff to allege that she is qualified for a job, yet she is fired and replaced by an individual outside of her protected class. *Krieg v. Paul Revere Life Ins., Co.*, 718 F.2d 998, 999 (11th Cir. 1983) (per curiam). Another method is for a plaintiff to allege "that she was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." *Wilson*, 376 F.3d at 1087.

It is also important to note that a "claim for disparate treatment pursuant to Title VII and pursuant to § 1981 has the same legal elements." *Leige v. Capitol Chevrolet, Inc.*, 895 F. Supp. 289, 293 (M.D. Ala. 1995). Therefore, if a plaintiff alleges facts sufficient to support a Title VII claim, then she alleges facts sufficient to support a § 1981 claim. *Leige*, 895 F. Supp. at 293. The important distinction between a Title VII claim and a § 1981 claim is that Title VII provides for relief against an employer, *Death v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006), while employers and "[s]upervisors with the capacity to hire and fire or those who can recommend such decisions are subject to liability under § 1981." *Leige*, 895 F. Supp. at 293.

Turning to Singleton's Complaint, he alleges that he was qualified for the position he held at AUM, and that he had twenty years of experience working with AUM. He alleges that his position was not abolished, and that his former job is being done by Wanda Blake, a white female, and Daryl Morris, a white male. Therefore, taking all of the facts alleged by Singleton as true, he has alleged that he, a member of protected classes, was replaced by individuals outside of his protected class, white and female. Accordingly, he has properly satisfied the Rule 8 plausibility burden for his Title VII racial and gender discrimination and § 1981 racial discrimination.

7

Count III – Title VII Retaliation

"To state a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) he engaged in an activity protected under Title VII; (2) he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. *Lord v. City of Ozark*, No. 1:10cv451–WHA, 2010 WL 4780680, *5 (M.D. Ala. November 17, 2010) (citing *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir.2001)). "There are two types of protected activity that can serve as the basis for a retaliation claim: (1) if an employee opposed any practice that is an unlawful employment practice (the 'opposition clause'); and (2) if an employee 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter' (the 'participation clause')." *Lord*, 2010 WL 4780680 at *5 (citing 42 U.S.C. § 2000e–3(a)). Therefore, to allege a case of retaliation, a plaintiff will have to allege either an act falling under the opposition clause or the participation clause.

Turning to Singleton's Complaint, he alleges that he was subjected to racially charged derogatory comments and that his position was abolished because of his race and age, but he does not allege any facts that would meet the conduct requirements of the opposition or the participation clauses. Absent this key component of retaliation, Singleton has not alleged enough facts to allow for recovery under a theory of retaliation. Therefore, Singleton has not satisfied Rule 8's plausibility requirement for retaliation under Title VII.

Count IV – ADEA Violation

The Eleventh Circuit, like most other circuits, employs nearly identical frameworks for proving a prima facie case for both Title VII and the ADEA. *See Cofield v. Goldkist, Inc.*, 267

8

F.3d 1264, 1267 (11th Cir. 2001).  Like Title VII, the ADEA is a suit that is properly brought against employers and not individual employees in either their individual or official capacities. *See Griswold v. Alabama Dept. of Inuds. Relations*, 903 F. Supp. 1492, 1496-97 (M.D. Ala. 1995).  In order to plead a prima facie case, the plaintiff will need to show that "he was: (1) a member of the protected class; (2) qualified for his current position; (3) subject to adverse employment action; and (4) treated less favorably than any younger, similarly situated employee." *East v. Clayton County, GA*, No. 10–15749, 2011 WL 3279197, *6 (11th Cir. August 1, 2011) (citing *Zaben v. Air Prods. & Chems., Inc.*, 129 F.3d 1453, 1457 (11th Cir. 1997)). Although it is likely not required, any complaint that alleges the elements articulated in *East* will meet the plausibility requirement of Rule 8.  *Cf.  Edwards v. Prime, Inc*., 602 F.3d 1276, 1300 (11th Cir. 2010) (addressing the effect of *Iqbal* and *Twombly* on the sufficiency of a Title VII hostile work environment claim).

Turning to Singleton's Complaint, he alleges that he was over 40 years of age at the time of the events giving rise to his claim and thus is a member of the ADEA's protected class of individuals.  His Complaint alleges that his "position in reality was not abolished but is being handled by . . . Daryl Morris, a white male under the age of 40." (Doc. #3 ¶ 9).  That allegation, along with the allegations previously discussed, demonstrate that Singleton has alleged that he was a member of the protected age group, he was qualified for his position when his position was allegedly abolished, and that a younger individual took over his position after termination. Accordingly, Singleton has satisfied the plausibility requirement of Rule 8.

### Count V – Fraudulent Inducement and Misrepresentation

9

Singleton also alleges that AUM fraudulently induced him to begin his employment and made false representations about AUM's policies regarding favorable treatment of loyal employees. Singleton's claim is due to be dismissed.

As Singleton concedes in his brief, Auburn University, of which AUM is a part, is considered the State of Alabama for the purpose of sovereign immunity. *See*, *e.g.*, *Gulf State Park Auth. v. Gulf Beach Hotel, Inc.*, 22 So. 3d 432, 435 (Ala. 2009). Therefore, pursuant to the Alabama Constitution Article I, § 14, AUM is immune to the state law claims brought by Singleton. Accordingly, his state law claim is due to be dismissed with prejudice.

### 3. Material to Strike

Singleton's Complaint contains a few errors appearing to stem from his attorney's handling of this court's motion to sever. It appears that his attorney simply repeated identical language for each plaintiff's claims which resulted in immaterial language appearing in Singleton's Count II for Title VII and § 1981 workplace discrimination. Specifically, the reference to denial of tenure is immaterial because Singleton does not allege that he was denied tenure. Furthermore, as explained above, Title VII claims only apply to race and gender discrimination and § 1981 claims only encompass racial discrimination, therefore, the mention of age discrimination found in Singleton's Count II is also immaterial. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own." Accordingly, the enumerated immaterial matter in Count II is hereby stricken.

### V. **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED as follows:

10

1. The Amended Motion to Dismiss is GRANTED to the following extent:

    a. Count III is DISMISSED.

    b. Count V is DISMISSED with prejudice.

2. The Motion to Dismiss is DENIED in all other respects.

3. This matter will proceed on Counts I, II, and IV.

Done this 8th day of December, 2011.
.

                                    /s/ W. Harold Albritton
                                    W. HAROLD ALBRITTON
                                    UNITED STATES DISTRICT JUDGE