IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BEASLEY SINGLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:11-cv-713-WHA |
| | )                              (WO) |
| AUBURN UNIVERSITY MONTGOMERY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This case is before the court on a Second Motion to Dismiss (Doc. # 18) filed by Defendant Auburn University Montgomery ("AUM") on February 9, 2012.

Following this court's granting of the Defendant's Amended Motion to Dismiss (Doc. # 6), the Plaintiff's, Beasley Singleton ("Singleton"), case was to proceed on Count I – racially hostile working environment in violation of Title VII; Count II –race and gender discrimination in violation of Title VII and § 1981; and Count IV – age discrimination in violation of the ADEA.  AUM filed the present Motion to Dismiss alleging that Count IV is due to be dismissed because of AUM's Eleventh Amendment immunity.  On March 2, 2012, Singleton filed a Response to the Defendants' Second Motion to Dismiss (Doc. # 20), and on March 9, 2012, the Defendants filed a Reply to the Plaintiff's Response (Doc. # 21).

For reasons to be discussed, the Second Motion to Dismiss is due to be GRANTED.

### II. MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Id.* (citation omitted). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.

### III.  <u>FACTS</u>[1]

Singleton's Complaint alleges that he is an African-American citizen of the United States and a resident of Alabama. On August 26, 2010, the day he received notification that his position was to be abolished on September 30, 2010, he was over forty years of age. His position was being abolished so that AUM could outsource their Housing and Maintenance Department to a third-party company.

---

[1] This statement of the facts is identical to this court's statement from its Order partially granting the Defendants' Amended Motion to Dismiss. (Doc. #11).

2

Singleton contends that his position was not abolished but given to two other individuals, Wanda Blake, a white female, and Darryl Morris, a white male under forty years of age. Singleton alleges that neither is capable of performing his job, and that Wanda Blake instructed the third-party company to not hire him for a position. Furthermore, Singleton alleges that he was not even interviewed by the new company.

Singleton's Complaint alleges two specific instances of racially discriminative conduct. First, "Wanda Blake has a history of making racially derogatory comments, such as 'black people should not make so much money' or something to that effect." (Doc. #3 at ¶ 11). Second, "Singleton has been referred to as the 'Do Boy' while employed at AUM. These references were offensive to Plaintiff Singleton." *Id.* at ¶ 12.

## IV.  DISCUSSION

AUM raises two main arguments in its Second Motion to Dismiss. AUM argues that it should be considered an arm of the State of Alabama for Eleventh Amendment sovereign immunity purposes. AUM also argues that the ADEA does not properly abrogate Alabama's Eleventh Amendment immunity, and, therefore, this court must dismiss Count IV.

The text of the Eleventh Amendment to the United States Constitution explains that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." Alabama courts have consistently held that state run institutions of higher education are arms of the state. *See*, *e.g.*, *Vandenberg v. Aramark Educational Services, Inc.*, Case No. 1100557, 1100560 and 1100561, ___ So. 3d ___, 2011 WL 4507358, *3 (Ala. September 30, 2011). Accordingly, AUM is privileged to the same immunity granted to Alabama per the Eleventh

3

Amendment.  *See LaFluer v. Wallace State Community College*, 955 F.Supp. 1406, 1422 (M.D. Ala. 1996) (De Ment, J.) ("Accordingly, because Wallace College is an agency of the State of Alabama, the Eleventh Amendment precludes the plaintiff from maintaining a § 1983 lawsuit against this entity.").

"Absent a valid waiver or abrogation, Alabama may not be sued in federal court for either money damages or injunctive relief." *Cobb v. Alabama*, No. 2:10cv502–MHT, 2011 WL 3666696, *2 (M.D. Ala. August 22, 2011) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)).  The Plaintiff raises claims under the ADEA.  The Supreme Court has directly addressed whether this statute properly abrogated Eleventh Amendment state sovereign immunity and answered in the negative.  *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 92 (2000) ("Because the ADEA does not validly abrogate the States' sovereign immunity, however, the present suits must be dismissed.").  Accordingly, a private citizen, like Singleton, is barred by the Eleventh Amendment from bringing claims for monetary damages or injunctive relief against AUM under the ADEA. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit.").

Singleton attempts to circumvent relevant Supreme Court precedent by relying on the language of 42 U.S.C. § 2000d-7 along with two cases *CSX Transportation, Inc. v. The City of Garden City*, 355 F.3d 1295 (11th Cir. 2004) and *Huffstutler v. Bergland*, 607 F.2d 1090 (5th Cir. 1979).  42 U.S.C. § 2000d-7 governs actions to enforce § 504 of the Rehabilitation Act of 1973, Title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, and Title VI of the Civil Rights Act of 1964.  The statute also contains a residual clause.  Singleton

did not bring any claim under any of the enumerated statutes and have cited no cases for the proposition that the ADEA would be governed by 42 U.S.C. § 2000d-7.

Singleton's reliance on the *CSX* case is misplaced. Singleton argues that the *CSX* case stands for a broad principal that a state waives its sovereign immunity by purchasing liability insurance; however, *CSX* actually dealt with whether a Georgia municipality waives its sovereign immunity pursuant to O.C.G.A. § 36-33-1(a) by purchasing an insurance policy for an occurrence in which sovereign immunity would be available. Because that case necessarily relied on Georgia law, it is inapplicable to the case at bar.

Lastly, Singleton cites the *Huffstutler* case for the proposition that reinstatement is exempted from Eleventh Amendment immunity. In actuality, the *Huffstutler* case did not address Eleventh Amendment sovereign immunity nor did it address the reinstatement remedies at issue in this case. The reinstatement remedy at issue in this case is governed by 29 U.S.C. § 626(b). This enforcement provision is part of the same ADEA statute which the Supreme Court found failed to properly abrogate state sovereign immunity. Accordingly, this enforcement provision cannot be properly brought against the State of Alabama or its agency AUM.

## V.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. The Second Motion to Dismiss is GRANTED.

2. Count IV is DISMISSED with prejudice.

3. This matter will proceed on Counts I and II.

Done this 12th day of March, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
UNITED STATES DISTRICT JUDGE